IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

      Plaintiff,                              No. CIV S-07-0616 GEB EFB P

     vs.

SCOTT KERNAN, et al.,

      Defendants.                         FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       On July 9, 2007, the court dismissed plaintiff's initial complaint with leave to amend for failure to state a claim, explained the complaint's deficiencies, and explained that failure to cure the deficiencies would result in a recommendation that this action be dismissed for plaintiff's failure to state a claim. On August 7, 2007, plaintiff filed an amended complaint. The court has reviewed that complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds that it, too, fails to state a claim for relief.

       Plaintiff claims that the policy of the California Department of Corrections and Rehabilitation ("CDCR") by which prisoners are placed in administrative segregation for non-

1

disciplinary reasons violates state law and the Due Process Clause of the Fourteenth Amendment.  He also claims that the policy of reviewing the placement of a prisoner in administrative segregation for disciplinary reasons every 180 days violates state law and the Due Process Clause of the Fourteenth Amendment.  He also seems to claim, as he did in his initial complaint, that in 2001 he was placed in Administrative Segregation but never received review of that placement within the time constraints established under the state administrative code.

As the court explained in the July 9, 2007, order, section 1983 creates a cause of action against identified state actors for the violation of rights protected by the Constitution or laws of the United States while acting under color of state law.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  The violation of a state regulation where no federal right is implicated is not remediable under section 1983.  *See Myron v. Terhune*, 457 F.3d 996, 999-1000 (9th Cir. 2006).  To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience.  *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).  A prisoner has no protected interest in freedom from administrative segregation.  *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Plaintiff's allegations are insufficient to state a claim under these theories and this action must be dismissed.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

1   These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
6 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
7 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
8 Dated:  November 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3